IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS BLAXTON,
      Petitioner,

vs.                              Case No. 3:07cv394/RV/EMT

MICHAEL G. ALLEN, et al.,
      Respondents.
_____/

## **ORDER**

    This matter is before the court on Petitioner's "Review of Respondents['] Order Denying Motion for New Trial" (Doc. 14), which shall be construed as a motion to expedite review of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  In the instant motion, Petitioner seeks immediate relief because he alleges that orders recently entered in his state court case are erroneous (*see* Doc. 14 at 2).[1]  Petitioner has failed to show good cause for expediting review of this matter; therefore, the motion shall be denied.  Furthermore, the court notes that Petitioner has neither paid the filing fee nor obtained leave to proceed in forma pauperis.  The court will take no further action in this matter until the issue of the filing fee is resolved.

_____

    [1]Although it is unclear, the court notes that Petitioner appears to have been convicted in or around September 2007 (*see* Doc. 14 at 1; *see also* Doc. 1 at 1–2).  Petitioner is advised that it is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  Indeed, a federal court cannot grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State."  *See* 28 U.S.C. § 2254(b)(1)(A).  Here, it appears that Petitioner has not exhausted his state court remedies because he was convicted only three months ago; as such, this petition may be subject to dismissal.  *See* 28 U.S.C. § 2254(b)(1).  If Petitioner determines that he prematurely filed this petition, he should file a notice of voluntary dismissal.

Accordingly, it is **ORDERED**:

That Petitioner's "Review of Respondents['] Order Denying Motion for New Trial" (Doc. 14) is **DENIED**.

**DONE AND ORDERED** this <u>14</u>th day of December 2007.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**