IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS D. BLAXTON,
      Petitioner,

vs.                            Case No. 3:07cv394/RV/EMT

WALTER A. McNEIL,
        Respondent.
_____/

**O R D E R**

This cause is before the court on Respondent's motion to dismiss the habeas petition for failure to exhaust (Doc. 27).  Petitioner shall now be required to respond to Respondent's motion.

In responding, Petitioner should keep in mind that a petition for writ of habeas corpus may not be entertained in federal court unless Petitioner has first exhausted his state remedies.  28 U.S.C. § 2254(b)(1)(A); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059, 103 L. Ed. 2d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).  The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.  Picard v. Connor, 404 U.S. 270, 277– 78, 92 S.Ct. 509, 513, 30 L. Ed. 2d 438 (1971).  In order to exhaust the issue, Petitioner must fairly and substantially present his claim to the state court prior to filing a petition in federal court.  Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Watson v. Dugger, 945 F.2d 367, 371–72 (11th Cir. 1991).  "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court."  Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S. Ct. 1715, 1720, 118 L. Ed. 2d 318 (1992).  Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits."  *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210–11 (11th Cir. 1992).  To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L. Ed. 2d 1 (1999) (citing 28 U.S.C. § 2254(c)).  Florida law requires either an appeal of each issue, or where a motion for post-conviction relief is appropriate, the filing of such a motion and an appeal therefrom.  <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5th Cir. 1979) (citations omitted).  Failure to exhaust is proper grounds for dismissal of a federal habeas petition.  <u>Keeney</u>, 504 U.S. 1 at 10.  Thus, if Petitioner has indeed failed to exhaust his state court remedies, as alleged by Respondent, his habeas petition is subject to dismissal.

Accordingly, it is **ORDERED**:

Within **TWENTY (20) DAYS** from the date of docketing of this order, Petitioner shall file a response to Respondent's motion to dismiss, or alternatively, a notice of voluntary dismissal.

**DONE AND ORDERED** this <u>14th</u> day of April 2008.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**