IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS D. BLAXTON,

    Petitioner,

v.                                            CASE NO. 3:07CV394-RV/AK

WALTER MCNEIL,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This cause[1] is before the Court on Respondent's motion to dismiss the second amended § 2254 petition for failure to exhaust available state court remedies. Doc. 27. Petitioner's direct appeal is still pending in the district court of appeal; indeed, briefing has not even ended. *See Blaxton v. State*, Case No. 1D07-4758 (Fla. Dist. Ct. App.).

    Section 2254 relief will not be granted unless Petitioner "has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) and (B). A claim is not

---

[1]This cause was administratively reassigned to the undersigned on October 2, 2008. *See* Doc. 32.

exhausted if Petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (state prisoner must "invok[e] one complete round of the State's established appellate review process").

It is clear that Petitioner has invoked available state court remedies but that he has not exhausted them, as there has been no ruling by the state court on the direct appeal now pending. Therefore, the question is whether the failure of the state court to rule on the direct appeal within approximately one year constitutes "circumstances...that render such process ineffective to protect the rights of the applicant."

Having carefully considered the matter, the undersigned recommends that the instant petition be dismissed for failure to exhaust. "State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief." *Cook v. Florida Parole and Probation Commission*, 749 F.2d 678, 680 (11th Cir. 1985).

In this case, Petitioner himself has caused some of the delay in the state court adjudication of his appeal, and the remainder of the delay, occurring after counsel was appointed to represent Petitioner on appeal, is attributable to the usual delays which occur in the appellate process. In this Court's view, a one-year delay in processing an appeal in state court is neither unreasonable nor unexplained and therefore does not excuse exhaustion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, Doc. 27, be **GRANTED**, and Petitioner's second amended petition for writ of habeas corpus, Doc. 22, be **DISMISSED** for failure to exhaust available state court remedies.

**IN CHAMBERS** at Gainesville, Florida, this _7th_ day of October, 2008.

*S/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.